832



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Alfred M. Clyde
Criminal District Attorney
Tarrant County
Fort Worth, Texas

Dear Sir:

Opinion No. 0-6769
Re: Whether persons fishing in
the channel of the West Fork
of the Trinity River are fish-
ing in Lake Worth proper which
requires a special license.

We have received your letter of August 17, 1945,
requesting an opinion of this department with respect to
the following facts in substance:

Lake Worth, an artificial lake, is located in
Tarrant County, Texas, on the West Fork of the Trinity
River. Some three miles northwest of Lake Worth, also
on the West fork of the Trinity River, is the dam which
creates Eagle Mountain Lake. Senate Bill 88, 47th Legis-
lature, regulates fishing in these two lakes and requires
a Lake Worth-Eagle Mountain Lake fishing license in or-
der to fish in either or both of the lakes. Recently,
a game warden arrested a number of persons who were
fishing in the "channel" between the Eagle Mountain Lake
dam and Lake Worth proper as they did not have the license
aforementioned.

You then ask for an opinion "as to when the
waters of a natural stream become part of a lake, either
artificial or natural. Further, your opinion as to the
meaning of the word 'impounded' . . . . under the above
cited law."

By Acts 47th Legislature 1941, ch. 205, p. 367,
a special fishing license was provided for fishing in Lake
Worth and Eagle Mountain Lake, the pertinent provisions
of which are quoted below:

Honorable Alfred M. Clyde- page 2

"Section 1. It shall be unlawful for any person more than seventeen (17) years of age to fish or attempt to fish in the waters of Lake Worth in the County of Tarrant, or to fish or attempt to fish in the waters of Eagle Mountain Lake in the Counties of Tarrant and Wise, without first obtaining a Lake Worth-Eagle Mountain Lake fishing license . . . ."

"Section 5. For the purposes of this Act Lake Worth is hereby defined as that portion of the terrain of this State covered by the waters of the West Fork of the Trinity River, and of its tributaries, and impounded by the Lake Worth Dam in Tarrant County, Texas, which waters are in Tarrant County, Texas . . . . "

With respect to the first part of your question, it may be said that the controlling distinction between a river or stream and a lake, regardless of size, is that in a stream the water has a natural motion or current, while in a lake, the water is, in its natural state, substantially at rest. 47 C. J. Sec. 274, p. 848. The fact that there is a current from a higher to a lower level does not make that a river which would otherwise be a lake, nor does a lake lose its distinctive character because a current exists for a certain distance tending towards a river at its outlet. Eustis v. Jenkins, 101 P 495; 24 Words and Phrases 128.

With respect to the second part of your question, which we regard as controlling here, we are put to the task of determining the meaning of the Legislature's descriptive definition of "Lake Worth", as set out in the aforementioned Sec. 5, in these words - "that portion of the terrain of this State covered by the waters of the West fork of the Trinity River, and of its tributaries, and impounded by the Lake Worth dam . . . ."

Honorable Alfred M. Clyde - page 3

A thorough search of the authorities failed to reveal a legal definition of the word "impounded." However, the word is defined in Webster's unabridged dictionary in the following language: "2. To collect (water) for irrigation purposes, or the like."

It is our opinion that waters backed up in the channel by the Lake Worth Dam are impounded, within the meaning of the statute. When the water level of the lake extends into the channel of the river and thereby raises the level of the water therein above its normal state as a stream, then the waters so raised are impounded by the Lake Worth Dam. Therefore, the extent of the waters so impounded is dependent upon the water level of the lake as it may exist from day to day or time to time. To illustrate: If the height of the dam is sufficient to back waters of the river up to the Eagle Mountain Lake Dam, and does do so at any time, then at such time all the waters between the two dams are impounded, for the water level of Lake Worth then extends from dam to dam. When the water recedes from Eagle Mountain Lake Dam with the fall of the water level in Lake Worth so that there is no water impounded by Lake Worth for a distance below Eagle Mountain Lake Dam, then that part of the river below said dam in which no water is impounded is not a part of Lake Worth and it is not a violation of the statute under consideration to fish in said waters without a special Lake Worth-Eagle Mountain Lake fishing license. What we have said above applies to any other stream the waters of which flow directly into Lake Worth.

The foregoing is our construction of the statute and the definition of Lake Worth as found in Section 5 thereof.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Eugene Alvis*

Eugene Alvis
Assistant

By *Jack K. Ayer*

Jack K. Ayer

ATTORNEY GENERAL OF TEXAS

JKA:zd